Russell v. Easter Seals        CV-96-384-SD 11/20/97 P

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Steve Russell


   v.                                              Civil No. 96-384-SD


Easter Seals Society
 of New Hampshire, Inc.


### O R D E R


This case involves a claim brought under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA), alleging that defendant Easter Seals Society of New Hampshire, Inc., failed to pay plaintiff Steve Russell overtime wages for the weeks in which he worked in excess of 40 hours.

Currently before the court is defendant's Partial Motion to Dismiss, to which plaintiff objects.


Facts

From July 1990 to approximately July 1995, plaintiff worked for Easter Seals and held various positions in that organization. During that time, plaintiff often worked more than 40 hours per week. Easter Seals never paid plaintiff overtime wages over his normal rate of pay.

## Discussion

Defendant's seeks a partial motion to dismiss on plaintiff's FLSA claim for overtime pay. On July 18, 1996, plaintiff filed his FLSA claim seeking overtime wages going back to the beginning of his employment, which commenced on July 15, 1990. The FLSA sets forth a two-year statute of limitations, unless the plaintiff proves the violation was willful, in which case a three-year statute of limitations applies. Conceding willfulness for purposes of this motion, defendant argues that plaintiff's claim is partially time barred to the extent that it seeks damages which accrued prior to July 18, 1993, which is three years from the date plaintiff filed his complaint (July 18, 1996).

Plaintiff seeks to avoid this rather straightforward conclusion by invoking the doctrine of equitable tolling, under which courts will lift the bar of the statute of limitations if necessary to serve the interests of justice. However, "[c]ourts have taken a uniformly narrow view of equitable exceptions to . . . limitations periods." Earnhardt v. Commonwealth of Puerto Rico, 691 F.2d 69, 71 (1st Cir. 1982). A common theme of cases where equitable tolling has been held appropriate is when the defendant's affirmative misconduct caused plaintiff to delay in filing a timely claim of defendant's unlawfulness. Plaintiff

2

claims that Easter Seals engaged in such affirmative misconduct by telling plaintiff that their conduct was entirely lawful and that he was not entitled to overtime wages. According to plaintiff, he relied on Easter Seals' misrepresentation, causing him to delay in filing his claim for overtime wages. However, it was unreasonable for plaintiff to rely on a Easter Seals' assertions that their conduct was lawful, just as it would be unreasonable for a person who is punched in the nose by an aggressor to rely on the aggressor's reassurances that he was legally justified. Since the reliance was unreasonable, defendant's misrepresentations did not cause plaintiff to delay in filing his claim, and plaintiff can offer no reasonable justification for sleeping on his rights.

The Partial Motion to Dismiss also applies to plaintiff's Count III claim, "State Statutory Violations", which is based on the same facts as the FLSA claim. By consent of the parties, that claim has been withdrawn.

## Conclusion

For the forgoing reasons, defendant's Partial Motion to Dismiss (document 10) is granted.

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

November 20, 1997
cc:   Leslie H. Johnson, Esq.
      Elizabeth A. Bailey, Esq.